Argued and submitted February 2, reversed and remanded with instructions on
petition; affirmed on cross-petition March 8, 1995

John SPATHAS,
Patricia Spathas, and
Northgate Litho Print, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

CITY OF PORTLAND,
*Respondent - Cross-Petitioner,*
*and*

Harley R. JONES
and Diane Rebagliati,
*Respondents.*

(LUBA 94-155; CA A86822)

891 P2d 664

Charles C. Erwin argued the cause and filed the briefs for
petitioners - cross-respondents.

Frank Hudson, Deputy City Attorney, argued the cause and filed the brief for respondent - cross-petitioner.

No appearance for respondents Harley R. Jones and Diane Rebagliati.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioners seek review of, and the City of Portland cross-petitions from, LUBA's decision concerning the city hearings officer's ruling that petitioners' use of property to conduct a printing and lithography business does not enjoy nonconforming use status. Although LUBA remanded the city's decision on other grounds, the LUBA majority[1] upheld the hearings officer's principal determination, and petitioners now challenge LUBA's ruling on that issue.[2] We reverse on the petition and affirm on the cross-petition.

Petitioners have been operating the business at the same location since 1963. In 1985, the property was annexed by the city and, initially, zoned C2. Printing and lithography are permitted outright in that zone. However, PCC 33.42.030(a) applies in the zone and provides:

"Any uses and operations objectionable due to unsightliness, odor, dust, smoke, noise, glare, heat, vibration, and other similar causes shall be prohibited."

In 1991, the zone was changed to CN2, where printing and lithography are not permitted uses. Petitioners applied to the city for a determination of legal nonconforming status, pursuant to PCC 33.258.075. Paragraph D(1) of that section provides, as relevant:

"The legal status of the nonconforming situation will be certified if the review body finds that:

"a. The nonconforming situation would have been allowed when established[.]"

The hearings officer concluded that petitioners' use did not satisfy that requirement. Although the use was permitted outright in the C2 zone, the hearings officer reasoned, petitioners "never applied for the land use approval which would have allowed evaluation of the use for compliance with the off-site impact criteria" of PCC 33.42.030(a). Therefore, the hearings officer concluded, petitioners

"never legally established [that the] use was permitted in the C2 zone,"

---

[1] Board member Holstun dissented.

[2] The basis for our disposition of the issue we discuss makes it unnecessary for us to address LUBA's rationale.

because they

> "never obtained a determination that it met all the require-
> ments, including a lack of off-site impacts, which were pre-
> requisites to allowing printing and lithography in the C2
> zone."

■ LUBA sustained that aspect of the hearings officer's interpretation and application of PCC 33.258.075.D(1) and 33.42.030(a). We do not agree. As the LUBA majority noted:

> "[T]here was nothing in the [city code] establishing a
> process or procedure for making determinations of compli-
> ance with PCC 33.42.030(a) * * * prior to allowing * * *
> permitted uses to be established in the C2 zone, and there is
> no evidence that such a practice was ever followed by the
> city."

In view of that, we conclude that conducting an outright permitted use in the zone was sufficient *per se* to show that the use "would have been allowed when established," without a further affirmative demonstration that the use did *not* violate PCC 33.42.030(a) at the time it was established or during the interim between its establishment and the enactment of restrictive zoning. Had the city or some other party brought an enforcement proceeding during that period to establish that the use *did* violate that section, the use might have lost its lawful status. We need not decide that question, however, because that did not occur in this case.

■ Given the basis for our disposition, we need not discuss at length the other issues that LUBA and the parties addressed. We note, however, that much of their discussion is concerned with the times at which, and as of which, compliance with PCC 33.42.030(a) may or must be demonstrated, and by whom. We emphasize that, under our reasoning, the time for showing compliance—or, more correctly, a violation—has passed. The use was lawful and continuing at the time of the restrictive zoning, and its nonconforming use status cannot be changed by an after-the-fact determination that it might have been lost had events occurred that did not. Although the use may be subject to enforcement or nuisance proceedings on the same bases that lawfully established uses in general may be, no such proceedings may be premised on the purported lack of the antecedent lawful status of the use.

We hold that petitioners' use was a lawful nonconforming one before the CN2 zone was applied to the property. We therefore reverse on the petition. For largely the same reasons, we affirm on the cross-petition without further discussion.

On petition, reversed and remanded with instructions to remand to the city for further proceedings not inconsistent with this opinion; affirmed on cross-petition.